McEldowney Estate.

Argued May 25, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Tillman K. Saylor, Jr.,* with him *William McC. Houston,* and *Spence, Custer, Saylor & Wolfe,* and *Houston & Houston,* for appellant.

*John G. Buchanan, Jr.,* with him *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1964:

Testatrix died on October 27, 1957, leaving a Will dated February 26, 1953. She created a testamentary trust of one-third of her residuary estate to pay the income to her son Robert for life, with the remainder to his issue. Robert was not only the life tenant, he was also Executor. Robert died on March 18, 1961. Ninety-six percent of the trust consisted of stock in the Mellon National Bank and Trust Company. The Mellon Bank paid a 2% common stock dividend in 1958, in 1959, in 1960, and in 1961.

At the Audit of the Trustee's Account, Robert's Executrix claimed that the 2% stock dividends which had

been carried in Principal by the Trustee, were apportionable and should be allocated to income. From the Decree of the Orphans' Court, which confirmed the Account and dismissed the exceptions, Robert's Executrix took this appeal.

The Principal and Income Act of July 3, 1947, P. L. 1283, Section 2 and Section 5, 20 P.S. §§3470.2, 3470.5, provide: "Section 2. Application of the Act; Powers of Settlor.—This act shall govern the ascertainment of income and principal . . .: *Provided,** That the person establishing the principal *may himself direct* the manner of ascertainment of income and principal . . . *or grant discretion* to the trustee or other person, *to do so and such provision* and direction, where not otherwise contrary to law, *shall control,* notwithstanding this act."

"Section 5.** Corporate Dividends and Share Rights.—

(1) All dividends on shares of a corporation, forming a part of the principal, which are payable in the shares of the corporation itself of the same kind and rank as the shares on which such dividend is paid shall be deemed principal. Subject to the provisions of this section all dividends payable otherwise than in such shares of the corporation itself, including ordinary and extraordinary dividends and dividends payable in shares or other securities or obligations of corporations other than the declaring corporation, shall be deemed income. . . ."

Appellant contends that the 2% ordinary stock dividends were apportionable to income (1) under all the language of testatrix's Will; and (2) particularly under and by virtue of the broad discretion vested in the corporate trustee under Article Nine of the Will. Article Nine, after giving to the Trustee very wide and

---

    * Italics throughout, ours.

    ** This section has been wisely amended by Act of August 1, 1963, No. 233, 20 P.S. §3470.5.

broad powers, pertinently provides: "I authorize the trustee in its sole discretion to do any or all of the following: (a) *to apply to principal in whole or in part extraordinary dividends,* regardless of the form in which they are paid, and rights to subscribe to stock; (b) to amortize from income premiums paid for investments which are callable or have a fixed maturity; (c) to amortize from income the waste represented by the return from a wasting asset or dividends from a wasting asset corporation; (d) to pay carrying charges on unproductive or underproductive property from income; and (e) to apply to principal in whole or in part the proceeds of the conversion of unproductive or underproductive property."

Neither the grant of power in Article Nine nor the language of the Will in its entirety was sufficient to justify a finding that the testatrix clearly expressed an intention to give these ordinary stock dividends to the life tenant or to give her trustee the power to allocate or apply these ordinary stock dividends to income.*

We find no merit in any of appellant's contentions.

Decree affirmed; each party to pay own costs.

---

* We have been aided in our interpretation and conclusion by the very able Opinion of Judge Cox.